UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| LEON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PACE SUBURBAN BUS SERVICE, a division of the REGIONAL TRANSPORTATION AUTHORITY, a municipal corporation. | ) ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES Plaintiff, Leon Williams, by and through his attorney, Gregory T. Mitchell, Law Office of Gregory T. Mitchell, P.C., and complains of Defendant PACE Suburban Bus Service, a division of the Regional Transportation Authority, an Illinois municipal corporation, as follows:

**NATURE OF ACTION**

1. This is an action denial of procedural due process and for wrongful taking of a protectable property interest in continued employment as full-time employee of the PACE SUBURBAN BUS SERVICE, a division of the REGIONAL TRANSPORTATION AUTHORITY, an Illinois municipal corporation, (hereinafter referred to as "PACE") in violation the Fourteenth Amendment of the United States Constitution, and Title 42, United States Code, Section 1983. The Defendants deprived the plaintiff of his protectable property interest of continued employment without due process when on December 6, 2013, PACE terminated plaintiff's employment without a pre-termination disciplinary hearing and without providing plaintiff any post-termination administrative review.

1

## JURISDICTION

2. Jurisdiction over the violations alleged is conferred as follows: 28 U.S.C. §1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States, and claims authorized under 42 U.S.C. § 1983.

## VENUE

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391 (b)(1)(2) and (3), because the events giving rise to this action occurred within this jurisdictional district and because Defendant has a corporate business address of 550 West Algonquin Road, Arlington Heights, Illinois 60005.

## PARTIES

4. The plaintiff is Leon Williams, a U.S. citizen who resides in the county of Cook, in the State of Illinois. At all times material, plaintiff Leon Williams was employed by Pace Suburban Bus Service as an Inspection Technician at a PACE location in South Holland, Illinois.

5. At all relevant times, defendant Pace Suburban Bus Service, a division of the Regional Transportation Authority, an Illinois municipal corporation organized under the laws of the State of Illinois (hereinafter sometime referred to as "PACE").

## FACTUAL ALLEGATIONS

6. Mr. Williams began his full-time employment with PACE in April 2008, and continued to be employed full-time until he was terminated on December 6, 2013.

7. Sometime before November 13, 2013, Mr. Williams was directed by his supervisor attend a meeting on November 13, 2013, to discuss an alleged compliant made against Williams by another PACE employee.

8. Williams was told only that a female PACE employee had alleged that Williams had

made an inappropriate comment or remark that was considered "offensive".

9. Williams was not told either: (1) the name of the alleged employee; (2) the date on which the alleged "offensive" comment or statement was made; nor (3) the time or location when the alleged "offensive" comment or statement was made.

10. On November 13, 2013, Williams was not informed or advised of any specific written PACE employee rule, policy or code of conduct provision that had been violated by the alleged "offensive" comment or statement described in by the complaining employee.

11. At the meeting conducted by defendant PACE on November 13, 2013, Mr. Williams was again only told that a female PACE employee had alleged that he had made an inappropriate comment or remark that she considered "offensive" and which possibly constituted sexual harassment.

12. Because Mr. Williams was not informed of either: (1) the name of the alleged female employee; (2) the date on which the alleged "offensive" comment or statement had been made; nor (3) the time or location when the alleged "offensive" comment or statement had allegedly been made, Mr. Williams explained to his superiors that he could not respond or present a statement in his defense. Mr. Williams, however, categorically denied making any "offensive" comments or statements to any female employees.

13. Following the November 13, 2013, meeting, defendant PACE suspended Mr. Williams without pay, pending further investigation.

14. After the November 13, 2013 meeting, Mr. Williams was notified in writing that the alleged "offensive" comments and/or statement was considered to be potentially "unacceptable conduct in the workplace, including possible violations of the `Rules for Personal Conduct' and/or Employee Handbook.

15. The "Rules for Personal Conduct" promulgated by defendant PACE and distributed to Mr. Williams when he was first hired described four (4) different possible violations described by the allegation made against Mr. Williams – "conduct unbecoming an employee", "abusive attitude, language, or conduct to fellow employees or the public", "discourteous treatment of any person", and "disrespect to supervisors, co-workers, or the public".

16. Following the November 13, 2013, meeting, defendant PACE also advised Mr. Williams that a follow-up meeting would occur on November 20, 2013 to inform Mr. Williams of defendant's decision regarding the findings of its investigation.

17. The scheduled meeting for November 13, 2013, to inform Mr. Williams of the findings of the investigation was subsequently canceled by defendant PACE.

18. On or about November 30, 2013, Mr. Williams was directed to attend the previously canceled follow-up meeting at PACE on December 4, 2013. Mr. Williams was not provided any additional information prior to this meeting.

19. On December 4, 2013, Mr. Williams attended the required "follow-up" meeting. During this meeting, Mr. Williams was not provided any additional information and was not terminated.

20. On December 6, 2013, Mr. Williams was directed to report to the PACE facility for a third meeting. At this December 6, 2013, meeting, Mr. Williams was informed by defendant that they had decided that Mr. Williams could not return to work as an full-time employee of PACE. Mr. Williams was further informed that following the investigation, defendant had decided to offer Mr. Williams a severance package in exchange for his agreement to a voluntarily resignation from his position and an agreement to waive any potential civil claim against PACE for his suspension without pay that began on November 13, 2013.

21. Mr. Williams was thereafter presented with a written "Agreement and Release" that had

4

been prepared and told that he had to agree to the resign immediately and accept the terms of the severance agreement. Exhibit A.

22. When Mr. Williams refused to voluntarily resign and accept the terms of the "Agreement and Release" Mr. Williams was told he was immediately terminated.

23. Mr. Williams was then presented with a "Termination Letter" which stated that: "A review of the evidence indicates that your conduct constituted sexual harassment by your unwelcome and unacceptable verbal comments and physical contact involving staff at the South Holland facility". Exhibit B.

24. The "Termination Letter" presented to Mr. Williams on December 6, 2013, was the first time Mr. Williams had been informed of the alleged charges and the specific PACE policies that he had alleged violated.

## COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. §1983

25. That WILLIAMS repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 24 as if fully set forth herein.

26. That the Fourteenth Amendment, as enforced through the protections established by Title 42, United States Code, Section 19983, WILLAIMS had a reasonable expectation of procedural due process in the event PACE would seek to terminate him for suspected violations of PACE polices as described in the PACE Rules for Personal Conduct (HR-15). WILLAMS had a protected property interest in his continued full-time employment, in that Williams had been employed full-time by PACE for five (5) years.

27. That WILLIAMS had a procedural due process right to be provided a pre-termination hearing which included, to be notified of the charges and to begin and opportunity to respond and be heard.

5

28. That on or before December 6, 2013, WILLIAMS had a right to receive notice of the allegations and alleged violations, and to be given a right to be heard.

29. That PACE deprived WILLIAMS of his Fourteenth Amendment right to procedural due process by terminating on December 6, 2013, without providing WILLIAMS notice or an opportunity to be heard after being notified of the specific PACE policy violations.

30. That as a result of the aforementioned deprivation of federal rights, WILLIAMS suffered and will likely continue to suffer harm including, without limitation, loss of income, loss of reputation, loss of enjoyment of life and emotional distress.

Wherefore, plaintiff, LEON WILLIAMS, demands judgment against defendant PACE for compensatory damages, immediate re-instatement to his position at PACE, all financial bonuses and benefits, plus costs of this action, attorney fees and such other relief as the Court deems just and equitable.

LEON WILLAMS

By: /s/ Gregory T. Mitchell

Gregory T. Mitchell

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 100
Homewood, Illinois 60430
(708) 799-9325
Attorney No. 37742